STATE OF NEBRASKA, APPELLEE, V.
TODD D. SENTERS, APPELLANT.
699 N.W.2d 810

Filed June 24, 2005.    No. S-03-945.

James Martin Davis, of Davis & Finley Law Offices, for appellant.

Jon Bruning, Attorney General, and J. Kirk Brown, Solicitor General, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Todd D. Senters, a 28-year-old high school teacher, videotaped himself and a 17-year-old female student-girl friend having consensual sexual relations. The student consented to the videotaping, and according to Senters, he made the videotape solely for private purposes. Nebraska generally does not criminalize sexual relations between individuals who are 16 years old or older. See Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1995). But, under Neb. Rev. Stat. § 28-1463.03 (Reissue 1995) of the Child Pornography Prevention Act (the Act), it is unlawful for "a person to knowingly make, publish, direct, create, provide, or in any manner generate any visual depiction of sexually explicit conduct which has a child as one of its participants or portrayed observers." A child participant is a person under the age of 18. Neb. Rev. Stat. § 28-1463.02(1) (Reissue 1995). Thus, while the 17-year-old student could legally consent to having sexual relations with Senters, videotaping the act was illegal.

Senters argues that this supposed discrepancy violated his constitutional rights to privacy and equal protection under the law. He

also argues that the statute did not provide sufficient notice as to who a child was. We disagree and affirm Senters' conviction for violating the Act.

## BACKGROUND

Senters and the student began their relationship while he was teaching at an Omaha high school. While the student was visiting Senters' apartment, the two decided to videotape themselves having sexual relations. Senters kept the videotape in his room, and it is undisputed that he did not intend to disseminate it.

Senters' roommate, an employee at the high school where Senters taught, later found the videotape. The roommate notified school officials. Police were later notified, though it is unclear by whom.

The State charged Senters with making child pornography under § 28-1463.03(1). The court rejected Senters' arguments that the Act was unconstitutional and, after a bench trial, convicted him of violating § 28-1463.03(1). The court sentenced Senters to 2 years of probation.

## ASSIGNMENT OF ERROR

Senters assigns that the court erred in failing to find that the Act is unconstitutional on its face or that, in the alternative, the Act was unconstitutional as applied to him.

## STANDARD OF REVIEW

Whether a statute is constitutional is a question of law; accordingly, this court is obligated to reach a conclusion independent of the decision reached by the trial court. *State v. Van*, 268 Neb. 814, 688 N.W.2d 600 (2004). A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *State v. Worm*, 268 Neb. 74, 680 N.W.2d 151 (2004).

## ANALYSIS

Senters appears to make three arguments: The Act (1) violates his substantive due process right to sexual privacy, (2) violates his right to equal protection under the law, and (3) does not provide sufficient notice under the Act of who is a child.

## Substantive Due Process

According to Senters, the Act, either on its face or as applied to him, offends the Due Process Clauses of both the federal and Nebraska Constitutions by infringing upon his right to sexual privacy. The Due Process Clause of the 14th Amendment contains a substantive component that provides at least some protection to a person's right of privacy. See, *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003); *Carey v. Population Services International*, 431 U.S. 678, 97 S. Ct. 2010, 52 L. Ed. 2d 675 (1977); *Roe v. Wade*, 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973). Cf. *Griswold v. Connecticut*, 381 U.S. 479, 85 S. Ct. 1678, 14 L. Ed. 2d 510 (1965) (suggesting right to privacy rooted in penumbra of specific guarantees in Bill of Rights rather than Due Process Clause). Although Senters also relies on the Nebraska Constitution, we note that our constitution does not contain a right of privacy broader than that recognized by the federal Constitution. See *Robotham v. State*, 241 Neb. 379, 488 N.W.2d 533 (1992). In support of his right of sexual privacy argument, Senters relies on the U.S. Supreme Court's recent decision in *Lawrence v. Texas, supra.*

In *Lawrence*, the Court overruled *Bowers v. Hardwick*, 478 U.S. 186, 106 S. Ct. 2841, 92 L. Ed. 2d 140 (1986). In *Bowers*, the State of Georgia convicted a homosexual man of violating a Georgia statute banning sodomy. He claimed that the statute violated his right to privacy. The Court disagreed. It refused to read earlier precedents as standing for "the proposition that any kind of private sexual conduct between consenting adults is constitutionally insulated from state proscription." 478 U.S. at 191. Instead, the Court defined the issue narrowly, asking whether there was a "fundamental right to engage in homosexual sodomy." *Id.* After reviewing the long history of laws banning sodomy, the Court concluded that the right to engage in homosexual sodomy was neither deeply rooted in our nation's history nor implicit in the concept of ordered liberty. Therefore, the Court held the right was not fundamental.

Because it had concluded that the right to engage in homosexual sodomy was not fundamental, the Court in *Bowers* subjected the Georgia statute to rational basis review. Under rational basis review, a law is constitutional as long as it bears some

rational relationship to a legitimate state purpose. See *Robotham v. State, supra.* In contrast, when a right is fundamental, a law infringing upon it is constitutional only if the infringement is narrowly tailored to serve a compelling state interest. *In re Adoption of Baby Girl H.*, 262 Neb. 775, 635 N.W.2d 256 (2001). In *Bowers*, the Court determined that the Georgia statute passed rational basis review because it was rationally related to the legitimate state purpose of moral disapproval of homosexual sodomy. See *Bowers v. Hardwick, supra.*

The facts of *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003), were similar to those in *Bowers.* While investigating a reported weapons disturbance, police entered the defendant's house and found him engaged in an act of sodomy with another man. The State of Texas convicted him under a statute banning sodomy. The Court began by disagreeing with the manner in which *Bowers* had narrowly defined the liberty interest at stake as the right to engage in homosexual sodomy. The Court noted that while statutes banning sodomy "purport to do no more than prohibit a particular sexual act[, t]heir penalties and purposes . . . have more far-reaching consequences, touching upon the most private human conduct, sexual behavior, in the most private of places, the home." *Lawrence v. Texas*, 539 U.S. at 567. According to the Court, "[t]his, as a general rule, should counsel against attempts by the State, or a court, to define the meaning of the relationship or to set its boundaries absent injury to a person or abuse of an institution the law protects." *Id.*

The Court went on to recognize "an emerging awareness that liberty gives substantial protection to adult persons in deciding how to conduct their private lives in matters pertaining to sex." 539 U.S. at 572. It then struck down the Texas statute, stating, " 'It is a promise of the Constitution that there is a realm of personal liberty which the government may not enter.' . . . The Texas statute furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual." 539 U.S. at 578 (quoting *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 112 S. Ct. 2791, 120 L. Ed. 2d 674 (1992)).

The *Lawrence* decision has unleashed a controversy over its holding. Some have concluded that the Court recognized a fundamental right to sexual privacy. See *Williams v. Attorney General*

*of Ala.*, 378 F.3d 1232 (11th Cir. 2004) (Barkett, J., dissenting). Others, however, have concluded that the Court did not recognize a new fundamental right. But even these courts are split over whether *Lawrence* applied traditional rational basis review or a modified, more stringent form of that test. Compare, *Williams v. Attorney General of Ala., supra*; *U.S. v. Extreme Associates, Inc.*, 352 F. Supp. 2d 578 (W.D. Pa. 2005); *Martin v. Ziherl*, 269 Va. 35, 607 S.E.2d 367 (2005).

■ Regardless of what the Court intended to accomplish for cases that involve private sexual conduct between consenting adults, it cautioned:

> *The present case does not involve minors.* It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused. It does not involve public conduct or prostitution. . . . The case does involve *two adults* who, with full and mutual consent from each other, engaged in sexual practices common to a homosexual lifestyle.

(Emphasis supplied.) *Lawrence v. Texas*, 539 U.S. 558, 578, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003). Relying on this language, courts considering right-of-privacy challenges to laws regulating sexual conduct have agreed that *Lawrence* is inapplicable if the conduct involves minors. See, *U.S. v. Bach*, 400 F.3d 622 (8th Cir. 2005); *U.S. v. Peterson*, 294 F. Supp. 2d 797 (D.S.C. 2003); *State v. Oakley*, 167 N.C. App. 318, 605 S.E.2d 215 (2004). Cf. *State v. Limon*, 32 Kan. App. 2d 369, 83 P.3d 229 (2004). Like these courts, we conclude that when a law regulates sexual conduct involving a minor, *Lawrence* is inapplicable.

Senters acknowledges the Court's cautionary statement that the holding in *Lawrence* does not extend to cases involving minors. But he argues the warning does not apply to his case because under § 28-319(1)(c), the female student was legally capable of consenting to the sex act which they videotaped. Accord, *In re J.M.*, 276 Ga. 88, 575 S.E.2d 441 (2003) (concluding that right to privacy guaranteed by Georgia's constitution is triggered by age of consent); John Quigley, *Child Pornography and the Right to Privacy*, 43 Fla. L. Rev. 347 (1991). Therefore, according to Senters, *Lawrence* applies. But Senters' argument wilts under the light of a critical analysis.

In *U.S. v. Bach, supra,* the Eighth Circuit recently rejected an argument nearly identical to that made by Senters. In *Bach,* the defendant, a Minnesota man, had taken pictures of a 16-year-old boy engaging in sexually explicit conduct. The United States charged the defendant with violating a federal statute prohibiting the possession of child pornography. Under federal and Minnesota laws, the age of consent is 16. The defendant argued that the boy was not a minor and that the right to privacy recognized in *Lawrence* applied. The court disagreed, concluding that "Congress may regulate pornography involving all minors under the age of eighteen if it has a rational basis for doing so," regardless of the age of consent. 400 F.3d at 629. So, instead of applying *Lawrence,* the court employed traditional rational basis review. *Id.*

We are not bound to follow Eighth Circuit precedent on federal questions. See, *Strong v. Omaha Constr. Indus. Pension Plan, ante* p. 1, 701 N.W.2d 320 (2005); *In re Search Warrant for 3628 V St.,* 262 Neb. 77, 628 N.W.2d 272 (2001). But we find *Bach* persuasive. Before *Lawrence,* Congress and the states were free to treat persons under the age of 18 as children, even if the age of consent was lower. When these laws were challenged on right-to-privacy grounds, they were subjected only to traditional rational basis review. *United States v. Freeman,* 808 F.2d 1290 (8th Cir. 1987); *State v. Farmer,* 116 Wash. 2d 414, 805 P.2d 200 (1991); *People v. Ewen,* 194 Ill. App. 3d 404, 551 N.E.2d 426, 141 Ill. Dec. 433 (1990).

We agree with *Bach* that nothing in *Lawrence* requires a different rule. In *Lawrence,* the Court made clear that its holding does not extend to children, but it did not, as Senters suggests, define a child as someone under the age of consent. Thus, the State, in regulating child pornography, remains free to define children as persons under the age of 18, even if the age of consent is lower, as long as the law passes traditional rational basis review.

As previously noted, under traditional rational basis review, a law is constitutional as long as it bears some rational relationship to a legitimate state purpose. See *Robotham v. State,* 241 Neb. 379, 488 N.W.2d 533 (1992). When employing traditional rational basis review, "it is ' "constitutionally irrelevant

[what] reasoning in fact underlay the legislative decision." ' " *Craigmiles v. Giles*, 312 F.3d 220, 224 (6th Cir. 2002) (quoting *U. S. Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 101 S. Ct. 453, 66 L. Ed. 2d 368 (1980)). Rather, "[a] statute is presumed constitutional . . . and '[t]he burden is on the one attacking the legislative arrangement to negat[e] every conceivable basis which might support it.' " *Heller v. Doe*, 509 U.S. 312, 320, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993). Even provisions that a court might deem "foolish and misdirected . . . are generally valid if subject only to rational basis review." *Craigmiles v. Giles*, 312 F.3d at 223-24. In short, traditional rational basis review is "a paradigm of judicial restraint." *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 314, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993).

The State undoubtedly has a legitimate reason to ban the creation of child pornography. The creation of child pornography is often associated with child abuse and exploitation, resulting in physical and psychological harm to the child. See, *Osborne v. Ohio*, 495 U.S. 103, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990); *New York v. Ferber*, 458 U.S. 747, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982). Moreover, a sex act reduced to a recording " 'may haunt [the child] in future years, long after the original misdeed took place.' " *New York v. Ferber*, 458 U.S. at 759 n.10. Senters argues, however, that the Act, at least as applied to him, is not rationally related to the State's legitimate interest in controlling child pornography because it also prohibits a person from videotaping lawful sexual conduct for private, noncommercial purposes.

We are not persuaded. Even for those who record an intimate act and intend for it to remain secret, a danger exists that the recording may find its way into the public sphere, haunting the child participant for the rest of his or her life. It is reasonable to conclude that persons 16 and 17 years old, although old enough to consent to sexual relations, may not fully appreciate that today's recording of a private, intimate moment may be the Internet's biggest hit next week. Cf. *People v. Campbell*, 94 P.3d 1186 (Colo. App. 2004) (rejecting equal protection challenge to conviction for possession of child pornography, despite fact that child depicted was old enough to consent to depicted sex act).

Senters, however, contends that if the Legislature is concerned about the reputational harm that the child may suffer from the distribution of the videotape, it should punish the distribution rather than the making of the videotape. Were we reviewing this case under strict scrutiny analysis, this point might be persuasive, at least as applied to Senters. But, under traditional rational basis review, " '[i]t is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it.' " *Star Scientific Inc. v. Beales*, 278 F.3d 339, 348 (4th Cir. 2002) (quoting *Williamson v. Lee Optical Co.*, 348 U.S. 483, 75 S. Ct. 461, 99 L. Ed. 563 (1955)). That is true here. If sexually explicit conduct is not recorded, it cannot be distributed. So, it is reasonable to conclude that criminalizing the making of recordings depicting persons under 18 years of age engaged in sexually explicit conduct furthers the goal of protecting those persons from the reputational harm that would occur if the recordings were distributed.

EQUAL PROTECTION

Next, Senters argues that the Act denied him "equal protection under the law by establishing an irrational, arbitrary and capricious classification for victims." Brief for appellant at 5.

The Equal Protection Clause does not forbid classifications; it simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike. *Gourley v. Nebraska Methodist Health Sys.*, 265 Neb. 918, 663 N.W.2d 43 (2003). In an equal protection challenge to a statute, the degree of judicial scrutiny to which the statute is to be subjected may be dispositive. *Id.* If a legislative classification involves either a suspect class or a fundamental right, courts will analyze the statute with strict scrutiny. *Id.* If it does not, then courts analyze the classification using rational basis review. See *id.*

As we understand it, Senters argues that the Act classifies victims by age. A person is a victim if he or she is under the age of 18 and participates in the depicted sexual act; a person cannot be a victim if he or she is over the age of 18. Age itself is not a suspect classification. See, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Caruso v. City of Omaha*, 222 Neb. 257, 383 N.W.2d 41 (1986). But Senters argues that under *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct.

2472, 156 L. Ed. 2d 508 (2003), he has a fundamental right to sexual privacy, and that because the age classification used in the Act infringes upon this right, it must pass strict scrutiny. Senters appears to recognize that the State has a compelling interest in regulating child pornography. But he contends that the age classification used in the Act is overinclusive because it prohibits recording sex acts, such as the one involved here, that are legal.

Senters' equal protection argument hinges on his claims that *Lawrence* recognized a fundamental right to sexual privacy and that this right protects him. As we have previously noted, controversy exists over whether *Lawrence* recognized a fundamental right to sexual privacy. But even if we assume that the Court recognized a fundamental right to sexual privacy, it built an age classification into its definition of that right. The right extends only to private sexual conduct between consenting adults. Thus, assuming without deciding that in *Lawrence* the Court recognized a fundamental right to sexual privacy, that right did not extend to Senters' decision to videotape a private sexual encounter with a minor.

Because the age classification in the Act does not infringe on any of Senters' fundamental rights, we review it using traditional rational basis. Senters argues that the classification is arbitrary and capricious. We conclude, however, that the classification survives rational basis review for the same reasons we set out in our discussion of Senters' substantive due process argument. See *People v. Campbell*, 94 P.3d 1186 (Colo. App. 2004).

## LACK OF NOTICE

Finally, Senters argues that the statutory scheme violates his procedural due process rights because it does not provide sufficient notice of who a child is under the Act. Senters notes that within the criminal code, the definition of "child" has multiple meanings. He asks, "How many definitions of child can we expect the public to recognize, let alone understand?" Brief for appellant at 13.

Senters' argument has no merit. In setting out when a person is to be treated as a child rather than an adult, the only thing that procedural due process requires is that the "penal statute must be sufficiently clear so that a person of ordinary intelligence has fair notice of exactly what conduct is forbidden." *State v.*

*Burke*, 225 Neb. 625, 633, 408 N.W.2d 239, 246 (1987). Here, the Legislature has expressly set out that participants in a visual depiction of sexually explicit conduct under the age of 18 are children. That is enough notice to satisfy due process.

## CONCLUSION

We conclude that the Act, neither on its face nor as applied to Senters, violates the right to privacy or the right to equal protection under the law. We also conclude that the Act provides sufficient notice of who is a child. To the extent Senters makes other constitutional arguments in his brief, we consider them to be too vague or too meritless to warrant comment.

AFFIRMED.