THE STATE OF NEVADA, APPELLANT, *v.*
AARON TAYLOR HUGHES, RESPONDENT.

No. 54327

September 29, 2011                                   261 P.3d 1067

*Catherine Cortez Masto*, Attorney General, Carson City; *Gary Woodbury*, District Attorney, and *Mark Torvinen*, Deputy District Attorney, Elko County, for Appellant.

*Routsis, Gilbert Ltd.* and *William J. Routsis, II*, Reno, for Respondent.

Before the Court EN BANC.

## OPINION

By the Court, PICKERING, J.:

This is an appeal from a district court order granting a motion to dismiss a child pornography charge. Respondent Aaron Taylor Hughes allegedly created three digital videos of himself engaging in sexual intercourse with a 17-year-old. He faces several criminal charges, trial on which awaits resolution of this appeal. We are concerned only with the charge the district court dismissed: the use of a minor, identified in the criminal information as "a person less than the age of eighteen," in producing pornography or as the subject of a sexual portrayal in a performance.

Under NRS 200.710, "[a] person who knowingly uses, encourages, entices or permits a minor to simulate or engage in or assist others to simulate or engage in sexual conduct to produce a performance" or "knowingly uses, encourages, entices, coerces or permits a minor to be the subject of a sexual portrayal in a performance" is guilty of a felony. Neither NRS 200.710 nor NRS 200.700—the applicable definition section—defines the term "minor." Hughes filed a motion to dismiss the pornography charge on the ground that the word "minor" is unconstitutionally vague because it is unclear whether the term refers to persons under age 18 or some other age. In the alternative, he argued that the statute does not apply to his alleged conduct because "minor" refers to people under 16 years of age. The district court dismissed the child

pornography charge, concluding that the statute was vague and that it only applied to production of pornography involving individuals under 16 years of age. The State appealed; we reverse.

"The constitutionality of a statute is a question of law that we review de novo. Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional. . . . [T]he challenger must make a clear showing of invalidity." *Silvar v. Dist. Ct.*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006) (footnote omitted). " '[E]very reasonable construction must be resorted to, in order to save a statute from unconstitutionality.' " *State v. Castaneda*, 126 Nev. 478, 481, 245 P.3d 550, 552 (2010) (quoting *Hooper v. California*, 155 U.S. 648, 657 (1895)); *accord Virginia and Truckee R.R. Co. v. Henry*, 8 Nev. 165, 174 (1873) ("It requires neither argument nor reference to authorities to show that when the language of a statute admits of two constructions, one of which would render it constitutional and valid and the other unconstitutional and void, that construction should be adopted which will save the statute.").

"Vagueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clause[s] of the Fifth" and Fourteenth Amendments to the United States Constitution. *United States v. Williams*, 553 U.S. 285, 304 (2008); *Silvar*, 122 Nev. at 293, 129 P.3d at 684-85. "Vagueness may invalidate a criminal law for either of two independent reasons," *Chicago v. Morales*, 527 U.S. 41, 56 (1999): (1) if it " 'fails to provide a person of ordinary intelligence fair notice of what is prohibited' "; or (2) if it " 'is so standardless that it authorizes or encourages seriously discriminatory enforcement.' " *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010) (quoting *Williams*, 553 U.S. at 304).

Enough clarity to defeat a vagueness challenge " 'may be supplied by judicial gloss on an otherwise uncertain statute,' " *Skilling v. United States*, 561 U.S. 358, 412 (2010) (quoting *United States v. Lanier*, 520 U.S. 259, 266 (1997)), or by giving a statute's words their " 'well-settled and ordinarily understood meaning.' " *Castaneda*, 126 Nev. at 483, 245 P.3d at 554 (quoting *Berry v. State*, 125 Nev. 265, 280, 212 P.3d 1085, 1095 (2009), *abrogated on other grounds by Castaneda*, 126 Nev. at 482 n.1, 245 P.3d at 553 n.1).

We conclude that the term "minor" is not unconstitutionally vague because it has a well-settled and ordinarily understood

meaning: an individual under 18 years of age. The common dictionary definition of the term is "[o]ne who has not reached full legal age." *See Webster's New College Dictionary* 715 (3d ed. 2008); *see also Black's Law Dictionary* 1017 (9th ed. 2009) (defining "minor" as "[a] person who has not reached full legal age; a child or juvenile"). Full legal age is defined in NRS 129.010 as 18 years: "[a]ll persons of the age of 18 years . . . are . . . considered to be of lawful age." Thus, the term "minor" refers to individuals under the age of 18 years.[1]

We disagree with Hughes's suggestion that other NRS provisions cast doubt on the meaning of "minor."[2] The Legislature regularly defines "minor" as a person under 18 years of age. *See, e.g.*, NRS 609.440 (defining "minor" for employment provisions as a person who "[i]s less than 18 years of age"); NRS 201.259 (defining "minor" for proscription against exhibition and sale of obscene materials as "any person under the age of 18 years"). Further, our Legislature is consistently explicit when it adopts age thresholds other than 18 years. *See, e.g.*, NRS 200.727 (proscribing the use of the Internet to control a depiction of someone under the age of 16 years engaging in sexual conduct); NRS 200.730 (criminalizing possession of images depicting a person under the age of 16 engaged in sexual conduct); NRS 201.195 (creating harsher penalties for soliciting a minor who is "less than 14 years of age" to engage in "crime[s] against nature"); NRS 202.020-.055, 202.060 (establishing certain alcohol-related offenses for those under 21 years of age). Rather than suggesting any ambiguity or vagueness in the term "minor," these provisions demonstrate

---

[1]Our analysis comports with that of the United States Supreme Court in *Osborne v. Ohio*, 495 U.S. 103, 113 n.9 (1990). In *Osborne*, the Court applied Ohio's general age of majority statute, Ohio Rev. Code Ann. § 3109.01, to defeat a vagueness challenge to the term "minor" in Ohio Rev. Code Ann. § 2907.323(A)(3), which prohibited possession of material depicting a "minor in a state of nudity." *Id.*

[2]The district court correctly concluded that the plain meaning of the word "minor" is a person under the age of 18. However, the court then concluded that other statutes in the section rendered the meaning of "minor" ambiguous. *See, e.g.*, NRS 200.730 (criminalizing possession of pornographic material depicting an individual under 16 years of age). When the meaning of a statute is unambiguous, a court should not look to related statutes as extrinsic aids. *See* 2B Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction* § 51:1 (7th ed. 2008).

Further, headings such as "Pornography Involving Minors," which precedes NRS 200.700-.760, and lead lines, such as the one that includes the term "minor" in NRS 202.020, are unavailable for interpretive purposes unless they are part of the legislative enactment; here, they are not. *See* 2A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction* § 47.14 (7th ed. 2007); A.B. 142, 60th Leg. (Nev. 1979); A.B. 189, 62d Leg. (Nev. 1983); NRS 220.120 (authorizing the Legislative Counsel to create and revise titles, chapters, and sections of NRS).

that the Legislature consistently uses the term in its well-settled and ordinarily understood meaning and that when it intends a different meaning, it uses explicit language modifying the term.[3]

We do not share Hughes's concern with the Legislature adopting 16 years as the age of consent for sexual relations, *see* NRS 200.364, yet choosing to legalize the visual memorialization of the same, consented-to, sexual conduct only when all participants are at least 18 years of age, NRS 200.710. This distinction has a rational basis. As the Supreme Court has observed, ''the materials produced by child pornographers permanently record the victim's abuse. The pornography's continued existence causes the child victims continuing harm by haunting the children in years to come.'' *Osborne*, 495 U.S. at 111 (citing *New York v. Ferber*, 458 U.S. 747, 759 (1982)). Given the permanency of a visual depiction, it was rational for the Legislature to conclude that participation in pornography memorializing a sexual encounter requires greater maturity from the participants than does the choice to engage in sexual relations. *See State v. Senters*, 699 N.W.2d 810, 817 (Neb. 2005) (concluding that, while a person might be old enough to consent to sexual relations, the legislature rationally concluded that an individual might not appreciate the ongoing effect of participation in pornography—thus justifying the difference in ages between the statutes); *People v. Campbell*, 94 P.3d 1186, 1189 (Colo. Ct. App. 2004) (noting the rationality between disparate ages for sexual consent and pornography—15 years old and 18 years old, respectively).

The term minor has a well-settled and ordinarily understood meaning. Under NRS 200.710 it is unlawful to use a person under 18 years of age in producing a pornographic performance.

We therefore reverse and remand for further proceedings.[4]

DOUGLAS, GIBBONS, HARDESTY, and PARRAGUIRRE, JJ., concur.

SAITTA, C.J., with whom CHERRY, J., agrees, concurring:

I agree with the majority's conclusion that NRS 200.710 is not unconstitutionally vague, but I write separately to express my concern with the imprecise draftsmanship at the core of the statute. As

---

[3]The district court's determination that ''minor'' was ambiguous led it to the conclusion, after considering the legislative history, that ''minor'' refers to a person under 16 years of age. Having concluded from the plain text that ''minor'' refers to people under the age of 18 and is not ambiguous, we do not reach the legislative history. *See* 2A *Sutherland Statutory Construction*, *supra*, §§ 45:2, 46:4 (7th ed. 2007).

[4]We do not address the constitutional arguments Hughes raises for the first time on appeal. *In re Candelaria*, 126 Nev. 408, 414 n.5, 245 P.3d 518, 522 n.5 (2010) (noting that it is within the court's authority to determine whether it will address constitutional issues raised for the first time on appeal).

evinced by the considerable effort devoted by the majority to pinning down just what the term "minor" in NRS 200.710 means, the statute is far from a model of clarity. If the members of the majority—experienced jurists armed with law dictionaries and treatises—require so much energy to discern what the term means, then one must wonder how well "a person of ordinary intelligence" would fare. Ultimately, such a person would likely throw up his or her hands and assume that the term "minor," as used in NRS 200.710, means someone under the age of 18. Given this reality, I understand why the district court concluded that the statute's imprecision rises to the level of unconstitutional vagueness. The Legislature should have prevented this very situation by fashioning a more comprehensive statute in the first place.