An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES ALLEN REPINEC,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63934

**FILED**

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a no contest plea, of unlawful use of a controlled substance. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

Appellant James Allen Repinec contends that the district court erred by denying his motion to suppress blood evidence obtained pursuant to NRS 484C.160(7), which allows officers to use force to obtain a blood sample from a person suspected of driving under the influence of alcohol and/or a prohibited substance.[1] Repinec argues that the district court correctly determined that the statute is unconstitutional but erroneously refused to suppress the blood evidence by relying on the good-faith exception to the exclusionary remedy and *Illinois v. Krull*, 480 U.S. 340, 349-51 (1987).

"Suppression issues present mixed questions of law and fact." *Johnson v. State*, 118 Nev. 787, 794, 59 P.3d 450, 455 (2002), *overruled on other grounds by Nunnery v. State*, 127 Nev. ___, ___, 263 P.3d 235, 250-51

---

[1]This claim was preserved for appeal pursuant to NRS 174.035(3).

14-37289

(2011). "[We] review[ ] findings of fact for clear error but the legal consequences of those facts involve questions of law that we review de novo." *State v. Beckman*, 129 Nev. ___, ___, 305 P.3d 912, 916 (2013). Additionally, we review the constitutionality of a statute de novo. *State v. Hughes*, 127 Nev. ___, ___, 261 P.3d 1067, 1069 (2011).

We have recently held that the warrantless, nonconsensual search provided for in NRS 484C.160(7) is unconstitutional. *Byars v. State*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 85, October 16, 2014). However, we concluded that the good-faith exception to the exclusionary remedy applies and exclusion is not mandated when an officer "relied in good faith on the constitutional validity of NRS 484C.160, and such reliance appears reasonable." *Id.* at ___, ___ P.3d at ___, slip op. at 14. Here, the district court found that the officers' reliance on the statute was objectively reasonable and the exclusionary rule did not apply. Nothing in the record suggests that the district court's factual findings are clearly erroneous, and we conclude that the district court did not err by denying Repinec's motion to suppress the blood evidence.

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                  Cherry

cc: Hon. Steve L. Dobrescu, District Judge
State Public Defender/Ely
Attorney General/Carson City
White Pine County District Attorney
White Pine County Clerk