# IN THE SUPREME COURT OF THE STATE OF NEVADA

DERRICK LAMAR MCKNIGHT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77249

**FILED**

JUN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ habeas corpus.[1]  Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on August 22, 2018, more than two years after issuance of the remittitur on direct appeal on March 16, 2016. *McKnight v. State*, Docket No. 56654 (Order of Affirmance, December 18, 2015).  Thus, appellant's petition was untimely filed.  *See* NRS 34.726(1).  Moreover, appellant's petition was successive because he had previously litigated a postconviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2]  *See* NRS 34.810(1)(b)(2); NRS 34.810(2).   Appellant's  petition  was  procedurally  barred  absent  a

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response from the State is not necessary.  NRAP 46A(c).  This appeal has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]*McKnight v. State*, Docket No. 72178 (Order of Affirmance, June 15, 2017).

19-26051

demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Appellant claims that he had good cause because he was denied permission to supplement his first habeas petition. Except as otherwise provided in NRS 34.750, subsection 5 affords the district court discretion to permit a petitioner to supplement a petition. Appellant fails to demonstrate that the district court abused its discretion in denying him permission to supplement his first petition. Thus, we conclude that the district court did not err in rejecting this good cause argument.

As a gateway through the procedural bars, appellant next claims that he is actually innocent because he did not kill the victim. Appellant, however, failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In particular, an unarmed defendant may be convicted of first-degree murder pursuant to the felony-murder theory.[3] *See* NRS 200.030(1)(b) (providing that a defendant is guilty of first-degree murder

---

[3]We reject appellant's argument that NRS 200.030(1)(b) is unconstitutionally vague. *See United States v. Williams*, 553 U.S. 285, 304 (2008) (stating that "[a] conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited"); *United States v. Lanier*, 520 U.S. 259, 266 (1997) (recognizing a statute must not be "so vague that men of common intelligence must necessarily guess at its meaning" and requiring resolution of any ambiguity in a criminal statute as to apply only to conduct clearly covered); *State v. Hughes*, 127 Nev. 626, 628, 261 P.3d 1067, 1069 (2011) (providing that a statute is vague if it fails to provide fair notice of what is prohibited to a person of ordinary intelligence).

when the murder is committed in the perpetration of a robbery); NRS 195.020 (providing principal liability for "[e]very person concerned in the commission of a felony . . . whether the person directly commits the act constituting the offense, or aids or abets in its commission"); *see also Garner v. State,* 116 Nev. 770, 782, 6 P.3d 1013, 1021 (2000) (recognizing that under the felony-murder rule, a defendant who did not shoot the victim may be guilty of first-degree murder by conspiring to commit the robbery during which the murder was committed), *overruled on other grounds by Sharma v. State,* 118 Nev. 648, 56 P.3d 868 (2002), and by *Nika v. State,* 124 Nev. 1272, 198 P.3d 839 (2008). We therefore conclude that the district court did not err in denying appellant's petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Michelle Leavitt, District Judge
Derrick Lamar McKnight
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk