IN THE SUPREME COURT OF THE STATE OF NEVADA

MELVYN PERRY SPROWSON, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76574



FILED

JUL 0 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping; child abuse, neglect, or endangerment with substantial bodily and/or mental harm; and four counts of unlawful use of a minor in the production of pornography. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Appellant Melvyn Sprowson, Jr., raises six main contentions on appeal. Since the parties are familiar with the facts, we address only those relevant to our discussion of the issues presented.

*Structural error during voir dire*

First, Sprowson contends that the district court committed structural error during voir dire and that given his pro se status he adequately preserved this issue for appeal. We conclude that Sprowson did not preserve the issue because his queries lacked the specificity required, even under a liberal construction. *See United States v. Gray*, 581 F.3d 749, 752-53 (8th Cir. 2009) (recognizing that although a pro se defendant's objections should be given a liberal construction, the defendant's complaint must be sufficiently specific to convey the objection); *Hudson v. Gammon*,

19-28137

46 F.3d 785, 786 (8th Cir. 1995) (concluding that a pro se litigant's objections preserved error where they "sufficiently directed the district court to the alleged errors"); *Jeremias v. State*, 134 Nev., Adv. Op. 8, 412 P.3d 43, 48 (2018) (concluding that generally a defendant must object, even to alleged structural error, so that the district court has an opportunity to correct it). Thus, we review for plain error.

To obtain relief under plain-error review, "an appellant must demonstrate that: (1) there was an 'error'; (2) the error is 'plain,' meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Jeremias*, 134 Nev., Adv. Op. 8, 412 P.3d at 48 (quoting *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003)). "[A] plain error affects a defendant's substantial rights when it causes actual prejudice or a miscarriage of justice (defined as a 'grossly unfair' outcome)." *Id.* at 49 (citing *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008)).

The district court erred to the extent it delegated its duty to gather sworn information from potential jury members to its marshal. *See* NRS 16.030(5) (stating that "[b]efore persons whose names have been drawn are examined as to their qualifications to serve as jurors, *the judge or the judge's clerk* shall administer an oath or affirmation to them" (emphasis added)); NRS 16.030(6) ("*The judge* shall conduct the initial examination of prospective jurors and the parties or their attorneys are entitled to conduct supplemental examinations which must not be unreasonably restricted." (emphasis added)). Nonetheless, the error does not qualify as plain because it did not prejudice Sprowson or affect his substantial rights. The record demonstrates that Sprowson agreed to the release of all but one of the excused jurors and the one juror he did not

SUPREME COURT
OF
NEVADA

(O) 1947A

consent to release was a noncitizen who was ineligible for jury duty. *See Jeremias*, 134 Nev., Adv. Op. 8, 412 P.3d at 49-50 (concluding no prejudice resulted from the district court's voir dire errors that occurred in only one small part of the jury-selection process); *Collins v. State*, 133 Nev. 717, 724, 405 P.3d 657, 664 (2017) (recognizing a distinction between "administrative and preliminary voir dire" and "substantive voir dire"). Accordingly, we discern no plain error on this record entitling Sprowson to relief.

*Exclusion of evidence*

Second, Sprowson argues that the district court violated his constitutional right to present a defense and cross-examine witnesses by excluding evidence regarding the victim's interaction with other men—specifically, the resulting mental harm from those relationships. We review a district court's decision to exclude evidence for an abuse of discretion. *Vega v. State*, 126 Nev. 332, 341, 236 P.3d 632, 638 (2010). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (internal quotation marks omitted). When the defendant has preserved the error, we will not reverse the judgment of conviction if the error is harmless. *Newman v. State*, 129 Nev. 222, 236-37, 298 P.3d 1171, 1181-82 (2013). We will deem an error affecting a defendant's constitutional right to present a complete defense harmless only when we can determine, beyond a reasonable doubt, that the error did not contribute to the verdict. *Coleman v. State*, 130 Nev. 229, 243, 321 P.3d 901, 911 (2014).

Before meeting Sprowson, the victim engaged with another older man she met online. He was ultimately convicted for sexually assaulting the victim. That incident caused the victim to begin therapy.

The district court granted in part the State's motion in limine and excluded all evidence of the victim's interaction with the other man, ruling that Sprowson could explore the victim's emotional distress and her previous therapy, but not "the why" behind it.

Sprowson argues that the victim's interaction with the other man was relevant to the kidnapping charge because it showed her history of meeting men online and running away to be with them, which undermined the State's enticement theory. We are not convinced that the victim's past was relevant to whether Sprowson willfully enticed the victim to leave her mother's home and go to his because it says nothing about the defendant's actions and consent is not a defense to first-degree kidnapping of a person under the age of 18. NRS 200.350(2); *see* NRS 48.015 (defining relevant evidence). We also reject Sprowson's argument that the district court erred in precluding him from asking the victim about their online chat involving her virginity and liking sex. The answers to those questions were irrelevant because they did not tend to prove or disprove any fact of consequence. *See* NRS 48.015.

We conclude, however, that the evidence about the victim's relationship with the other man was relevant to the substantial-mental-harm element of the child abuse charge. *See* NRS 200.508 (defining abuse, neglect, or endangerment of a child and the penalties when substantial mental harm is involved). NRS 200.508(4)(e) defines "substantial mental harm" as "an injury to the intellectual or psychological capacity or the emotional condition of a child as evidenced by an observable and substantial impairment of the ability of the child to function within his or her normal range of performance or behavior." This language puts at issue the victim's state of mind when she met Sprowson. Yet, the district court precluded

SUPREME COURT
OF
NEVADA

(O) 1947A

Sprowson from cross-examining the victim's doctor about the victim's past psychological damage after the doctor testified that only 5 to 10 percent of her patients require the type of long-term care that the victim required after her interaction with Sprowson. Further, the district court precluded Sprowson from impeaching the victim and her mother with medical documentation indicating that the victim's relationship with her 19-year-old boyfriend contributed to the victim's mental health issues subsequent to her interaction with Sprowson. *See Lobato v. State*, 120 Nev. 512, 518, 96 P.3d 765, 770 (2004) (noting that a witness's prior inconsistent statements may be used to impeach that witness). Indeed, the State's closing argument characterized the victim as a normal teenager with no issues until Sprowson came along and that he, alone, was responsible for any mental harm she suffered. NRS 200.508(4)(e). To assess the victim's "normal range of performance or behavior," the jury needed to know *why* the victim was in counseling, not just *that* she was in counseling. We cannot conclude, beyond a reasonable doubt, that these errors did not contribute to the verdict on the child abuse count. *See Coleman*, 130 Nev. at 243, 321 P.3d at 911. We therefore reverse the conviction for child abuse and remand for a new trial on that charge.

Lastly, Sprowson argues that the district court abused its discretion in precluding him from asking the victim about her belief that he gave her a sexually transmitted disease. We conclude that Sprowson should have been permitted to cross-examine the victim about this highly prejudicial testimony that had little probative value to the State's case, especially since the State opened the door to it. *See* NRS 48.035(1); *Cordova v. State*, 116 Nev. 664, 670, 6 P.3d 481, 485 (2000) (explaining that one party may open the door to the introduction of otherwise inadmissible evidence).

 

However, the error was harmless because the district court gave a limiting instruction and, in the context of the charges, we conclude the error did not contribute to the verdict.

*Child pornography counts*

Third, Sprowson argues that the child pornography convictions require reversal because (1) he did not "produce a performance," according to NRS 200.710,[1] with a photograph that he claimed was taken before he knew the victim; (2) the photographs did not show "sexual conduct" or involve a "sexual portrayal"; and/or (3) the child pornography statute is unconstitutional. We reject the first argument because Sprowson questioned the victim regarding the alleged preexisting photograph, she denied that it predated their relationship, and the jury was not required to credit Sprowson's conflicting testimony. We also reject the second argument because the photographs show the minor victim staged in sexually suggestive positions, thus depicting her "in a manner which appeals to the prurient interest in sex and which does not have serious

---

[1]NRS 200.710 states:

> 1. A person who knowingly uses, encourages, entices or permits a minor to simulate or engage in or assist others to simulate or engage in sexual conduct to produce a performance is guilty of a category A felony and shall be punished as provided in NRS 200.750.

> 2. A person who knowingly uses, encourages, entices, coerces or permits a minor to be the subject of a sexual portrayal in a performance is guilty of a category A felony and shall be punished as provided in NRS 200.750, regardless of whether the minor is aware that the sexual portrayal is part of a performance.

literary, artistic, political or scientific value." NRS 200.700(4) (defining "sexual portrayal"); *see also Shue v. State*, 133 Nev. 798, 805, 407 P.3d 332, 338 (2017) (explaining that a "prurient" interest in sex involves "'a shameful or morbid interest in nudity, sex, or excretion,' or involving 'sexual responses over and beyond those that would be characterized as normal'" (quoting *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 498 (1985)). Sprowson's argument that the photographs did not appeal to a prurient interest in sex because the victim was his girlfriend and was of legal age to consent to sex is without merit. *See Shue*, 133 Nev. at 805, 407 P.3d at 338 (reiterating that what is prurient depends on "the views of an average person applying contemporary community standards"); *State v. Hughes*, 127 Nev. 626, 630, 261 P.3d 1067, 1070 (2011) (rejecting the argument that a minor under the age of 18 but of legal age to consent cannot be the subject of child pornography). Because the jury could reasonably find that the photographs depicted the minor victim as the subject of a "sexual portrayal," the evidence is sufficient to support the child pornography convictions under NRS 200.710(2). Thus, we need not determine whether the evidence is sufficient to support those convictions on the alternative theory that the photographs showed "sexual conduct" for purposes of NRS 200.710(1).

Nor can we credit Sprowson's argument that Nevada's statutory definition of "sexual portrayal" is unconstitutionally vague or overbroad. *See Shue*, 133 Nev. at 805-07, 407 P.3d at 338-39 (concluding Nevada's statutes barring the sexual portrayal of minors are not overbroad because the type of conduct proscribed under NRS 200.700(4) does not implicate the First Amendment's protection and sufficiently narrows the statute's application to avoid vagueness). Sprowson's argument that *Shue* should be revisited because it did not discuss *United States v. Stevens*, 559

SUPREME COURT
OF
NEVADA

(O) 1947A

7

U.S. 460 (2010), is unavailing. *Stevens* does not stand for the proposition that only productions connected to independent criminal conduct will be considered child pornography, as Sprowson suggests. 559 U.S. at 470.

*Procuring a witness's attendance*

Fourth, Sprowson contends that the district court erred in denying him, an indigent defendant, the ability to call the victim as a witness in his case-in-chief unless he could pay for her travel expenses. The record shows that the district court allotted Sprowson defense costs and appointed standby counsel. And although it did not have the duty to do so, the district court advised Sprowson of the procedures for procuring witnesses for trial. *See Harris v. State*, 113 Nev. 799, 803, 942 P.2d 151, 154-55 (1997) (noting that there is no duty that a district court inform a pro se defendant of their right to subpoena witnesses). Sprowson, however, did not subpoena the victim. We perceive no district court error in these circumstances.

*Prosecutorial misconduct*

Fifth, Sprowson argues that the State committed prosecutorial misconduct with statements made during voir dire and by improperly commenting on his constitutional rights. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Valdez*, 124 Nev. at 1188, 196 P.3d at 476 (footnotes omitted). Because Sprowson failed to object, reversal is warranted only if he demonstrates plain error that affected his substantial rights. *Id.* at 1190, 196 P.3d at 477.

Sprowson complains that the State's description of the case during voir dire was unduly inflammatory but we disagree. The language Sprowson complains about amounted merely to a factual recitation of the State's case. *See Gomez v. United States*, 490 U.S. 858, 874 (1989) (highlighting that "voir dire represents jurors' first introduction to the substantive factual and legal issues in a case"). Sprowson next assigns error to the State identifying and keeping jurors who had a strong reaction to its introduction. But the record shows the State did not seek a commitment and the jurors who reacted also expressed their ability to be fair and impartial. *See Witter v. State*, 112 Nev. 908, 914, 921 P.2d 886, 891 (1996) ("The critical concern of jury voir dire is to discover whether a juror 'will consider and decide the facts impartially and conscientiously apply the law as charged by the court.'" (quoting *Adams v. Texas*, 448 U.S. 38, 45 (1980))), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011).

As to voir dire, Sprowson contends that "[t]he State indoctrinated the jury about grooming." The record does not support this claim. The State's colloquy with the jury on grooming sought to elicit information from the jurors, not to indoctrinate them. *See Khoury v. Seastrand*, 132 Nev. 520, 528-29, 377 P.3d 81, 87-88 (2016) (concluding that questions aimed at discovering the jurors' feelings on a specific issue are not indoctrination).

Next, Sprowson argues that the State committed prosecutorial misconduct by using a juror's definition of grooming to argue in closing that Sprowson groomed the victim. We agree that the State's reference to this grooming definition was improper because it was not based on evidence adduced at trial. *See Williams v. State*, 103 Nev. 106, 110, 734 P.2d 700,

SUPREME COURT
OF
NEVADA

(O) 1947A

9

703 (1987) (reiterating that a prosecutor is not permitted to argue facts or inferences not supported by the evidence). But because Sprowson failed to object, plain-error review applies. The comment was brief and ample other evidence supports Sprowson's kidnapping conviction. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477. The error thus did not affect Sprowson's substantial rights as to require reversal based on plain-error review.

Lastly, Sprowson argues that the State erred in commenting on his constitutional rights. The record does not support Sprowson's contentions that (1) the State improperly inquired about the victim's fear of being cross-examined, (2) the State commented on Sprowson's right to confrontation when it highlighted the victim's reaction to Sprowson approaching her at trial, and (3) the State improperly urged the jury to hold Sprowson responsible. *See Domingues v. State*, 112 Nev. 683, 698-99, 917 P.2d 1364, 1375 (1996) (concluding there was no prosecutorial misconduct where the State reminded the jury that criminal defendants should be held accountable for their reprehensible acts).

*Cumulative error*

Finally, Sprowson argues that we should reverse the judgment of conviction based on cumulative error. The evidentiary errors related to the victim's mental health affected only the child abuse conviction, which we reverse. The quantity and character of the remaining errors we have identified above are not significant. Nor do those errors appear to have had a cumulative impact on the jury's verdict that warrants reversal where the issue of guilt was not close on the kidnapping and child pornography counts. *See Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (when assessing cumulative error claims, this court considers "(1) whether the issue of guilt is close, (2)

 

the quantity and character of the error, and (3) the gravity of the crime charged" (internal quotation marks omitted)). Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Stefany Miley, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk