IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT WILLIAM DOWNS, II,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81087

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant Robert Downs argues that the district court erred in denying his claim that both trial and appellate counsel were ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that, but for counsel's errors, there is a reasonable probability of a different outcome in the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

21-32363

Downs argues that trial and appellate counsel were ineffective for not challenging the constitutionality of the kidnapping statute. *See* NRS 200.310(1) (first-degree kidnapping). Downs asserts that he had permission to watch the juvenile victim and only moved him within the residence he shared with the victim's mother. Consequently, he claims that NRS 200.310(1) did not give him fair notice that binding, gagging, and moving the juvenile from one room to another to commit child abuse constituted kidnapping. Downs fails to demonstrate deficient performance or prejudice. NRS 200.310(1) provides in pertinent part that "[a] person who willfully . . . carries away a person by any means whatsoever with the intent to . . . perpetrate upon the person of a minor any unlawful act is guilty of kidnapping in the first degree." The ordinary meaning of the statute's plain language clearly provides adequate notice that Downs' conduct was criminal. *See United States v. Lanier*, 520 U.S. 259, 266 (1997) (providing that a statute must not be "so vague that men of common intelligence must necessarily guess at its meaning"); *State v. Hughes*, 127 Nev. 626, 628-29, 261 P.3d 1067, 1069 (2011) (concluding that the challenged statute's language "is not unconstitutionally vague because [the term used] has a well-settled and ordinarily understood meaning"). And neither Downs' quasi-parental relationship with the victim nor the movement solely within the residence demonstrate that trial or appellate counsel neglected to make meritorious challenges. *Cf. Hernandez v. State*, 118 Nev. 513, 524, 50 P.3d 1100, 1108 (2002) (explaining that this court's precedent "supports the proposition that a parent having legal custody of a child can nevertheless be convicted of kidnapping the child" (citing *Sheriff v. Dhadda*, 115 Nev. 175, 183, 980 P.2d 1062, 1067 (1999) (concluding that sufficient evidence supported an indictment charging a mother with kidnapping her

SUPREME COURT
OF
NEVADA

(O) 1947A

daughter))); *see also Pascua v. State*, 122 Nev. 1001, 1006, 145 P.3d 1031, 1034 (2006) (affirming kidnapping conviction where the victim was moved from kitchen to bedroom). Therefore, we conclude the district court did not err in denying Downs' supplemental petition.[1] *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."); *Lara v. State*, 120 Nev. 177, 184, 87 P.3d 528, 532 (2004) ("Appellate counsel is not required to raise every non-frivolous or meritless issue to provide effective assistance.").

Having concluded that Downs is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.          _____Sr.J.
Cadish                                Gibbons

cc:     Chief Judge, Second Judicial District Court
        Department 10, Second Judicial District Court
        Edward T. Reed
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[1]At the evidentiary hearing, Downs abandoned the claims in his original petition and sought relief solely on his supplemental petition.

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.